UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES CHRISTOPHER HOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00893-JPH-MPB |
| | ) |
| ANDERSON POLICE DEPT., | ) |
| KEITH GASKELL, | ) |
| UNKNOWN OFFICERS, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS, AND DIRECTING SERVICE OF PROCESS**

Plaintiff, Charles House, has filed a complaint alleging that his constitutional rights were violated when officers with the Anderson Police Department towed his vehicle. Dkt. 1. Mr. House has paid the filing fee, dkt. 5, and the complaint is ready for screening.

**I.      Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. House are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.  The Complaint

Mr. House filed this 42 U.S.C. § 1983 action against the Anderson Police Department ("APD"), Officer Keith Gaskill, and "unknown officers." Dkt. 1. All defendants are being sued in their official capacities. *Id.* at 2.

Mr. House was arrested on February 5, 2020. *Id.* at 4. On July 6, 2020, Officer Gaskill went to Mr. House's residence, which he shares with his sister, and told her that if she did not give Officer Gaskill the keys to Mr. House's vehicles, then she would be arrested. *Id.* at 4. Officer Gaskill then had Mr. House's vehicles towed to a tow yard, where they remained until they were destroyed. Mr. House alleges that Officer Gaskill did not have a warrant to seize his vehicles and failed to comply with notification procedures. *Id.* at 4–5.

Mr. House alleges that the defendants' actions subjected him to an illegal seizure and violated his procedural and substantive due process rights under the Fourteenth Amendment. Mr. House seeks monetary damages, including the value of his vehicles and towing and storage fees. *Id.* at 6.

### III.     Discussion of Claims

**A. Dismissed claims**

The claims against unknown officers must be **dismissed** for failure to state a claim upon which relief can be granted.  "[I]t is pointless to include [an] anonymous defendant[] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."  *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

All claims against the Anderson Police Department are **dismissed** for failure to state a claim upon which relief can be granted.  While Section 1983 liability applies to municipalities and other local government units, *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), state law determines the liability of local government under Section 1983, *McMillan v. Monroe County*, 520 U.S. 781, 786 (1997).  Under Indiana law, a municipal police department is neither established as a separate legal entity nor granted the capacity to sue or be sued.  *Branson v. Newburgh Police Dep't*, 849 F. Supp. 2d 802, 808 (S.D. Ind. 2011) (citing *Martin v. Fort Wayne Police Dep't*, 2011 WL 781383, at *6 (N.D. Ind. 2011)).  "Because a city's police department 'is merely a vehicle through which the city government fulfills its policy functions,' it is not a proper defendant in a civil rights suit under § 1983."  *Mason v. City of Indianapolis*, 2007 WL 2700193, at *8 (S.D. Ind. 2007).

### B. Claims that may proceed

Liberally construed, the allegations in the complaint are sufficient to plausibly assert claims for (1) Fourth Amendment violations; and (2) procedural and substantive due process violations. Those claims **shall proceed** against Officer Gaskill.

No other claims or defendants have been identified in the complaint. Should Mr. House believe that the Court has overlooked a claim or defendant, he shall have through **July 8, 2021**, to identify those omissions to the Court.

### IV.   Issuance of Process

The **clerk is directed** under Federal Rule of Civil Procedure 4(c)(3) to issue process to Officer Gaskill in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 1, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to correct the spelling of Officer Gaskill's name on the docket.

The **clerk is directed** to terminate Anderson Police Department and unknown officers as defendants on the docket.

**SO ORDERED.**

Date: 6/8/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES CHRISTOPHER HOUSE
HENDERSON
Henderson County Detention Center
380 Borax
Henderson, KY 42420

Officer Keith Gaskill
Anderson Police Department
1040 Main Street
Anderson, IN 46016