UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES CHRISTOPHER HOUSE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:21-cv-00893-JPH-MPB ) |
| KEITH GASKILL, | ) ) ) |
| Defendant. | ) |

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Charles House alleges that Anderson Police Officer Keith Gaskill violated his due process rights when he seized Mr. House's cars without a warrant and failed to comply with certain notification procedures. The parties have filed cross-motions for summary judgment. For the reasons that follow, Mr. House's motion is **DENIED**, dkt. [23], and Officer Gaskill's motion is **GRANTED**. Dkt. [24].

**I.
Facts and Background**

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). For each motion, the Court views and recites the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.* That's not necessary here, however, because even when all evidence is interpreted in Mr. House's favor, Officer Gaskill is entitled to summary judgment.

1

The Madison County Drug Task Force and the FBI began investigating Mr. House in 2018 for suspected drug trafficking in Anderson, Indiana. Dkt. 25-1 at 1. Officer Gaskill was involved in the investigation. Dkt. 25-4 at ¶ 3. During the investigation, officers observed Mr. House using a Chevy Tahoe and a Ford Fusion, which were both registered to him. *Id.* On February 5, 2020, he was arrested on federal charges related to a conspiracy to distribute methamphetamine. Dkt. 23 at 13; dkt. 25-1 at 2.

On February 12, 2020, Anderson Police Sergeant Chad Boynton filed a probable cause affidavit seeking civil forfeiture of Mr. House's cars based on evidence that they were "purchased and maintained with profits derived from the illegal sale and distribution of narcotics [and used] for the transportation of narcotics to be sold and distributed." Dkt. 23 at 13; dkt. 25-1 at 2. On May 8, 2020, Madison County prosecutor Rodney Cummings filed a complaint for civil forfeiture based on that affidavit. Dkt. 23 at 7–11; dkt. 25-2. On May 22, 2020, based on the complaint and supporting evidentiary materials the Madison Circuit Court issued an order for seizure of assets. Dkt. 23 at 15; dkt. 25-3 at 2.

Mr. House alleges that when the cars were seized in early July 2020, "no seizure paperwork" was provided to Mr. House or his counsel or left with his sister, Laura Johnson, from whom the car keys were retrieved. Dkt. 23 at 1–2.

Mr. House brought this claim under 42 U.S.C. § 1983 on April 9, 2021. Dkt. 1. After screening, the Court allowed claims against Officer Gaskill for

2

violating Mr. House's Fourth Amendment and due process rights to proceed. Dkt. 7. Both parties have moved for summary judgment. Dkts. 23, 24.

## II.
## Applicable Law

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on cross motions for summary judgment, the Court takes the motions "one at a time," viewing and reciting the evidence and drawing all reasonable inferences "in favor of the non-moving party." *Williams*, 832 F.3d at 648.

## III.
## Analysis

Mr. House argues that Officer Gaskill violated his constitutional rights by seizing his cars without proper notice to Mr. House or his attorney. Dkt. 23; dkt. 29 at 1. Officer Gaskill argues that he is entitled to summary judgment because he had no personal involvement in the civil forfeiture or seizure of Mr. House's cars. Dkt. 25 at 5–6.

42 U.S.C. § 1983 "imposes liability on '[e]very person who, under color of any . . . State [law]' violates the federal rights of another." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021) (quoting 42 U.S.C. § 1983). "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). For liability to attach, a defendant "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Hildebrandt v. Ill. Dept. of Nat. Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)).

As evidence, Officer Gaskill has designated a sworn affidavit regarding the nature and extent of his involvement with the investigation of Mr. House. Dkt. 25-4. Officer Gaskill states that he was involved in the investigation of Mr. House's suspected drug trafficking activity, but he was not involved in the civil forfeiture action. In fact, he was in California when the cars were seized and did not even know that Mr. House's cars had been seized until he was served with notice of this suit. Dkt. 25-4 at 1–2 ¶¶ 3–7. Moreover, Officer Gaskill is not named in any of the seizure materials, *see* dkt. 25-1 (Probable Cause affidavit filed by Officer Chad Boynton); dkt. 25-2 at 4 (Complaint for forfeiture); dkt. 25-3 (Order of Seizure).

So, to survive summary judgment, Mr. House "must put forth evidence to support" Officer Gaskill's "personal responsibility for the alleged misconduct."

4

*Colbert*, 851 F.3d at 657.  He must "specifically controvert[]" Officer Gaskill's designated evidence "with admissible evidence" that would allow a jury to find in his favor.  S.D. Ind. L.R. 56-1(f)(1)(A); *see Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 931 (7th Cir. 2018).  "[I]nferences supported by only speculation or conjecture will not defeat a summary judgment motion."  *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007).

In his verified response brief, Mr. House argues that Officer Gaskill was personally involved in the seizure.  Dkt. 29 at 1–2; *see Owens v. Hinsley*, 635 F.3d 950, 954–55 (7th Cir. 2011) (a verified response made under penalty of perjury constitutes evidence at summary judgment).  In support of this, he attests that (1) Ms. Johnson "said the officer" who took the car keys from her "said [he] was Keith and that she was left with no paper work at all"; (2) Officer Gaskill is listed as having knowledge of the seizure in Mr. House's request for interrogatories, which he attached to his motion for summary judgment; (3) Officer Gaskill did not produce "documentation of being out of state when the seizure took place when he could [have] easily listed proof" in response to a Mr. House's request for production; and (4) Rafeal Torres, who called the tow-yard on Mr. House's behalf, "was told there was a Anderson Police/Madison County Drug Task Force hold on" his cars and Officer Gaskill is at least a member, if not the head, of the task force.  *Id.*  While the Court views these facts in the light most favorable to Mr. House, they do not show that Officer Gaskill was personally involved with seizing the vehicles.

5

Mr. House points to the statements of Mr. Torres and Ms. Johnson as evidence to stave off summary judgment. Mr. Torres's statement connects Officer Gaskill to the drug task force (a fact that is uncontested anyway) but does not link Officer Gaskill to the seizure action. It would be speculative to conclude that Officer Gaskill was involved with the seizure action just because he is a member of the drug task force. Ms. Johnson's statement is similarly insufficient to link Officer Gaskill to the seizure action. It would require speculation to conclude that an officer named Keith who took the keys was Officer Gaskill. Neither statement is evidence from which a jury could reasonably find that Officer Gaskill was personally involved in the seizure proceedings.[1]  *Dorsey*, 507 F.3d at 627.

Mr. House next points to written discovery responses as evidence from which a jury could find in his favor. But the response to request for interrogatories does not "list Officer Gaskill as having knowledge of the seizure" as Mr. House asserts. Dkt. 29 at 1. Instead, it lists Officer Gaskill as a potential witness in the case, dkt. 23 at 4, and otherwise denies or objects to all of Mr. House's requests for admissions, *id.* at 3–4 ¶¶ 1–7. Therefore, while a response to a discovery request may create an issue of fact, *see* Fed. R .Civ. P. 56(c), it has not done so here.

---

[1] While this argument was not raised by Officer Gaskill, the statements attributed to Mr. Torres and Ms. Johnson fail to create a genuine issue of material fact for the separate reason that they are hearsay and thus inadmissible. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("[a] party may not rely on inadmissible hearsay to oppose a motion for summary judgment").

Last, Mr. House contends that Officer Gaskill's statement that he was in California when the seizure occurred is not supported by evidence. He's wrong—Officer Gaskill's sworn statement that he was in California at the time of the seizure is "proof", that is, admissible evidence sufficient to support a conclusion, of that fact. *Cehovic-Dixneuf*, 895 F.3d at 931 (affidavits based on personal knowledge that "set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify on the matters stated" are admissible at the summary judgment stage) (quoting Fed. R. Civ. P. 56(c)(4)).

As the non-movant, Mr. House must "specifically controvert[]" Officer Gaskill's designated evidence "with admissible evidence." S.D. Ind. L.R. 56-1(f)(1)(A). He has not designated evidence that casts doubt on Officer Gaskill's testimony that he was not involved with the seizure proceeding. Having failed to designate evidence from which a jury could find a "causal connection or affirmative link" between Officer Gaskill and the seizure action, Mr. House cannot prevail on his claim. *Hildebrandt*, 347 F.3d at 1039. Therefore, Officer Gaskill is entitled to summary judgment on Mr. House's § 1983 claims. *Colbert*, 851 F.3d at 657.[2]

---

[2] Officer Gaskill also argues that, had he been involved in the seizure, he would be entitled to qualified immunity, dkt. 25 at 7–9. Because the Court resolves the claim on other grounds it does not reach the question of qualified immunity.

7

...

## IV.
## Conclusion

Therefore, Mr. House's motion for summary judgment is **DENIED**, dkt. [23], and Officer Gaskill's motion for summary judgment is **GRANTED**. Dkt. [24].

Final judgment consistent with this order and the Court's screening order, dkt. 7, will issue in a separate entry.

**SO ORDERED.**

Date: 9/29/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES CHRISTOPHER HOUSE
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Paul J. Podlejski
attorneypaulp@gmail.com