UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHARLES CHRISTOPHER HOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00893-JPH-MPB |
| | ) | |
| KEITH GASKILL, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Charles House alleged that Anderson Police Officer Keith Gaskill violated his due process rights when he seized Mr. House's cars without a warrant and failed to comply with certain notification procedures. On September 29, 2022, the Court granted Officer Gaskill's motion for summary judgment, denied Mr. House's motion for summary judgment, and entered final judgment. On October 22, 2022, Mr. House filed a motion for relief from judgment.[1] Dkt. 33. Mr. House also asserted that the undersigned Judge was not "neutral and detached" due to having "signed off on some warrants in [Mr. House's] criminal matter." *Id.* at 2. Officer Gaskill objects to the motion. Dkt. 34. For the reasons that follow, the motion for relief from judgment, dkt. [33], is **DENIED**.

**I. Mr. House is not entitled to relief from judgment**

Mr. House's motion for relief from judgment argues that because he did not know the identities of some people involved in the forfeiture of his cars

---

[1] The motion is dated October 22, 2022, but was not filed under October 31, 2022. Dkt. 33 at 3. Under the prison mail-box rule, the Court treats it as having been filed on October 22. *See Houston v. Lack*, 487 U.S. 266, 276 (1998).

1

before the deadline to amend pleadings, he should be able to add claims against them now. Dkt. 33. His motion cites the rule for amending a judgment, Fed. R. Civ. P. 59(e), and the rule for relief from a judgment, Fed. R. Civ. P. 60. *Id.* at 2.

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). "Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud." *Id.* "While the two rules have similarities, Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Id.* (quotation omitted). "Rule 59(e), by contrast, requires that the movant 'clearly establish'" either ground for relief. *Id.* Regardless of which standard applies, Mr. House is not entitled to relief.

In June 2021, the Court screened Mr. House's complaint, allowing claims against Officer Gaskill to proceed and dismissing claims against other defendants. Dkt. 7 at 2–3. The case management plan gave the parties until September 7, 2021, to file amended pleadings; "[a]fter this deadline, a party seeking to amend a pleading must file a motion for leave to amend." Dkt. 10 at 2–3. On December 9, 2021, Officer Gaskill served discovery on Mr. House that made him "aware of everyone who played a part in the seizure of [his] vehicles." Dkt. 33 at 1. Mr. House never moved to amend his complaint. On September 29, 2022, the Court granted Officer Gaskill's motion for summary judgment,

2

denied Mr. House's, and entered final judgment. Dkt. 31; 32. Mr. House now argues that, because he did not know all of the officers involved in his case prior to December 9, 2021—after the deadline to amend pleadings had passed—he should now be allowed to add them now and pursue claims against them. Dkt. 33 at 2.

Here, the evidence that Mr. House would like to use as the basis for an amended complaint is not "new evidence"—he was aware of it for over nine months before the Court entered final judgment. Moreover, Mr. House never moved for leave to file an amended complaint in this case. His motion offers no reason for the Court to conclude that this was the result of "mistake" or "excusable neglect"; nor does he argue that the Court committed a manifest error of law or fact in resolving the summary judgment motions. Therefore he has not "clearly established" that the judgment should be amended, nor is this an "exceptional" case where relief from judgment should be granted. *Harrington*, 433 F.3d at 546.

## II. Recusal is not required

Mr. House asserted that the undersigned Judge was not neutral and detached based on the signing "off on some of the warrants" in Mr. House's criminal matter, 1:20-cr-21-SEB-MJD-1. Dkt. 33 at 2. Federal law provides that "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Weddington v. Zatecky*, 721 F.3d

3

456, 461 (7th Cir. 2013) (citing 28 U.S.C. § 445(a)).² When a judge is connected to other litigation involving a party, the relevant question is whether "a well-informed observer, one who knew the details of the prior litigation, would not believe that [case] required recusal" in the present case. *In re Taylor*, 417 F.3d 649, 650 (7th Cir. 2005) (affirming judge's decision not to recuse from criminal matter even though defendant had previously sued that judge in civil case).

Here, Mr. House has not designated evidence supporting his claim that the undersigned Judge signed any warrants in his criminal case. But even if he had, that evidence would not lead a well-informed observer to believe that recusal is necessary. First, the undersigned Judge is not presiding over Mr. House's criminal case and has no influence over its outcome. *See* 1:20-cr-21-SEB-MJD-1 (assigned to Judge Sarah Evans Barker). Second, all the evidence considered in resolving this case's summary judgment motions came from state court proceedings. *See* dkt. 31 at 1–3 (discussing facts related to state court civil forfeiture proceedings). No facts relating to the prosecution of Mr. House's federal case were ever raised. Therefore, it is unlikely that a "well-informed observer who knew the details of" this lawsuit and Mr. House's criminal case, would believe recusal is required. *Taylor*, 417 F.3d at 653.

\* \* \*

---

² Recusal is also not required under 28 U.S.C. § 144, which requires recusal if a party files a motion supported by a sufficient affidavit "that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Here, there was no motion or supporting affidavit.

4

In sum, Mr. House has not established that he is entitled to relief under either Rule 59(e) or Rule 60(b).  Therefore, the motion is **DENIED**.  Dkt. [33].

**SO ORDERED.**

Date: 12/9/2022

Distribution:

CHARLES CHRISTOPHER HOUSE
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Paul J. Podlejski
attorneypaulp@gmail.com

James Patrick Hanlon
United States District Judge
Southern District of Indiana